IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GYRO-TRAC CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-303-CJB |
| | ) |
| FECON, LLC, | ) |
| | ) |
| Defendant. | ) |

**SCHEDULING ORDER**

This <u>20th</u> day of<u> April, 2022,</u> the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on<u>   N/A    </u> 202__, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS ORDERED that:

1. **Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard**.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **January 14, 2022** and their initial disclosures pursuant to Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Del. Default Standard") on **January 14, 2022**.

2. **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 15, 2022**.

---

[1] For the Court's convenience, the parties attach, as Exhibit A, a chart setting forth the schedule that the parties propose for the case.

3.  **Application to Court for Protective Order**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **January 13, 2022**.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.  **Papers Filed Under Seal**.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the completed transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of

the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies**.  Other than with respect to "discovery matters," which are governed by paragraph 7(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide the Court two (2) courtesy copies of all briefs and of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6. **Disclosures**.  Absent agreement among the parties, and approval of the Court:

    a. By **January 13, 2022**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

    b. By **February 14, 2022**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

    c. By **April 1, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    d. By **May 2, 2022**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    e. By **October 13, 2022**, Plaintiff shall provide final infringement contentions.

    f. By **October 27, 2022**, Defendant shall provide final invalidity contentions.

7. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **November 14, 2022**.

    b. <u>Document Production</u>. Document production shall be substantially complete by **June 13, 2022**.

    c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side.

    d. <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.[2]

    e. <u>Depositions</u>.

        i. <u>Limitation on Hours for Deposition Discovery</u>. Exclusive of expert depositions, each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. In the absence of agreement among the parties or by order of the Court no single witness may be deposed for

---

[2] The court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

more than 7 hours. The parties will agree on a case by case basis the time limits applicable to 30(b)(6) depositions.

  ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties acknowledge the current uncertainties related to travel due to the ongoing global health crisis. The parties agree to work together in good faith to determine where and how depositions may be taken.

f. <u>Disclosure of Expert Testimony</u>.

 i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 8, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 5, 2023**, and Plaintiff, with respect to validity, may raise opinions concerning objective indicia of non-obviousness. Reply expert reports from the party with the initial burden of proof are due on or before **February 2, 2023**, and would include, but are not limited to, any disclosure by Defendants to rebut or contradict

opinions related to objective indicia of non-obviousness. Sur-reply reports on validity that will be limited to Plaintiff's response to objective evidence of nonobviousness raised in Defendant's reply expert reports on validity are due on or before **March 2, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and time of their experts' availability for deposition. All expert depositions shall be completed by **April 16, 2023**.

ii. <u>Expert Report Supplementation</u>. The parties agree that they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Oppositions to such motions shall be filed no later than **June 1, 2023**, and replies to such motion shall be filed no later than **June 22, 2023**. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

i. Should counsel find, after good faith efforts – including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Burke:
      The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

      The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following dates:
Delaware Counsel: _____
Lead Counsel: _____

      The disputes requiring judicial attention are listed below:
[provide here a non-argumentative list of disputes requiring judicial attention].

ii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion for Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters – Motion to Resolve Discovery Dispute."

iii. The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached

7

exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website.

    iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.[3]

    v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    vi. The parties have already filed a joint protective order. D.I. 19.

8. **Motions to Amend**.

    a. Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

---

[3] The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

9. **Motions to Strike**.

    a. Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

10. **Motions to Stay**.

    a. Any motion to stay shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

11. **<u>Tutorial Describing the Technology and Matters in Issue</u>**.  The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, a tutorial on the technology at issue.  In this regard, the parties may submit a DVD/flash drive containing a tutorial that is not more than thirty (30) minutes in length.  The tutorial should focus on the technology in issue and should not be used for to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial.  Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12. **<u>Claim Construction Issue Identification</u>**.

    a. On or before **May 2, 2022**, the parties shall exchange list(s) of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).

    b. The list(s) of claim terms and proposed constructions will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 13, 2022**.

    c. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Deborah_Benyo@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

13. **<u>Claim Construction Briefing</u>**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

    a. On **May 23, 2022**, the Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages.

    b.  On **June 21, 2022**, the Defendant shall serve, but not file, its answering brief, not to exceed 30 pages.

    c.  On **July 11, 2022**, the Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages.

    d.  On **August 1, 2022**, the Defendant shall serve, but not file, its sur-reply brief, not to 10 pages.

    e.  No later than **August 8, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

    A.    [TERM 1]
          1.    Plaintiff's Opening Position
          2.    Defendant's Answering Position
          3.    Plaintiff's Reply Position
          4.    Defendant's Sur-Reply Position
    B.    [TERM 2]
          1.    Plaintiff's Opening Position
          2.    Defendant's Answering Position
          3.    Plaintiff's Reply Position
          4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

14. **Hearing on Claim Construction**. Beginning at 11:00 a.m. on **September 8, 2022**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: the order in which they intend to present the claim terms at issue, including which side will present first for each term.[4]

15. **Interim Status Report**.

    a. After Fact Discovery. On **November 29, 2022**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

    b. After Expert Discovery. On **August 24, 2023**, counsel shall submit a joint letter to the Court with a report on what, if any, pretrial activities remain to be completed. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation**. Absent agreement among the parties, and approval of the Court, no later than **October 1, 2022**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

---

[4] Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

17. **Case Dispositive Motions**.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **May 4, 2023**.  Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

    a. No early motions without leave.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Opposition briefs shall be filed on **June 1, 2023**. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

    b. Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record. Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving

14

party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record. The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

c. <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired; provided however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be

increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[5]

d. Hearing.  The Court will hear argument on all pending case dispositive and Daubert motions on **July 26, 2023** beginning at 11:00 a.m.[6] Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

18. **Applications by Motion**.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19. **Pretrial Conference**.  On **September 29, 2023**, the Court will hold a pretrial conference with counsel beginning at 11:30 a.m.[7] Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Rule 26(a)(3).  The parties shall file a joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before **September 22, 2023**.[8] Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the proposed joint final pretrial order. The parties shall provide the Court two (2)

---

[5] The parties must work together to ensure that the Court receives no more than a **total of 250 pages** of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

[6] The parties should propose a date approximately two months prior to the requested pretrial conference date.

[7] The parties should request a date approximately 2-4 weeks prior to their requested trial date.

[8] The parties should set a date no less than seven (7) days before the requested pretrial conference date.

courtesy copies of the joint proposed final pretrial order and all attachments. As noted in the Patent Pretrial Order, the parties shall include in their joint proposed final pretrial order, among other things:

    a. <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time;

    b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

    c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer to ruling on all such objections unless renewed in writing following trial, subject to the provision that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

    d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20. **Motions in *Limine***. Motions in *limine* shall not be separately filed. All in *limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall

be limited to three (3) in *limine* requests, unless otherwise permitted by the Court. The in *limine* request and any response shall contain the authorities relied upon; each in *limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the in *limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in *limine* request, such support or opposition shall be combined in a single three (3) page single-spaced submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in *limine* requests, unless otherwise permitted by the Court.

21. **Jury Instructions, Voir Dire, and Special Verdict Forms**.  Where a case is to be tried to a jury, pursuant to Local Rules 47. 1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by email to Judge Burke's staff.

22. **Trial**. This matter is scheduled for a 5-day jury trial beginning at 9:00 a.m. on **October 9, 2023**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23. **Judgment on Verdict and Post-Trial Status Report**.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24. **Post-Trial Motions**.  Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

                                              *Christopher J. Burke*
                                      The Honorable Christopher J. Burke
                                        UNITED STATES MAGISTRATE JUDGE